UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MIRANDA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>FIELD ASSET SERVICES and INDYMAC MORTGAGE SERVICES a/k/a IndyMac Federal Bank, FSB,<br><br>　　　　　Defendants. | Case No. 3:11-cv-1514-GPC-JMA<br><br>**ORDER GRANTING DEFENDANT ONEWEST BANK'S MOTION TO DISMISS**<br><br>**[ECF NO. 21]** |

**INTRODUCTION**

Presently before the Court is a motion to dismiss filed by Defendant OneWest Bank, erroneously sued as IndyMac Mortgage Services ("OneWest"). (ECF No. 21.) Plaintiff opposed the motion, (ECF No. 23), and One West replied, (ECF No. 24). Having considered the parties' submissions and the applicable law, the Court **GRANTS** One West's Motion to Dismiss for the reasons that follow.

**FIRST AMENDED COMPLAINT[1]**

Plaintiff asserts four claims for (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (2) violations of the Rosenthal Fair Debt Collection Practices

---

[1] Unless otherwise noted, all factual allegations in this section are taken from Plaintiff's First Amended Complaint ("FAC"). (ECF No. 19.)

Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.32; (3) conversion; and (4) negligence.

On some date prior to August 18, 2010, plaintiff Oscar Miranda ("Plaintiff") obtained a loan from OneWest to purchase real property located at 864 Compass Way, San Diego, California ("the Property"). Subsequently, Plaintiff defaulted on the loan and then entered into an agreement with OneWest to sell the Property to a third party in a "short sale" rather than enter foreclosure proceedings. Plaintiff asserts he listed the Property for sale in an attempt to mitigate any losses to OneWest because of his default and inability to continue making payments. A potential buyer apparently expressed interest in the Property, offering to purchase it from OneWest. At some point during this period, OneWest "assigned, placed, or otherwise transferred" the loan to defendant Field Asset Services ("FAS"), hiring FAS for the purpose of collecting on the payments owing and/or repossessing the Property. In so doing, Plaintiff alleges OneWest and FAS disclosed information about Plaintiff's debt to some other person in violation of the law.

Plaintiff alleges FAS advertises its services for the sole purpose of collecting defaulted debts, has engaged in debt collection activities for over twelve years, and deals regularly with 26 major mortgage companies to assist in the collection of debts. FAS's services include "locking out delinquent debtors from property being collected upon" as well as providing assistance to other debt collectors like "collection lawyers" to "manage the legal process" of collecting debts.

On or about August 18, 2010, "Defendant FAS, at the direction of Defendant [OneWest]," went to the Property while Plaintiff was not present and "physically broke into Plaintiff's home," and changed the locks, without any "present legal right" of possession. During that same visit, FAS or an agent of FAS removed certain items from the Property, including a flat screen television, a Panasonic surround sound system, a television wall mount, and an entertainment system cabinet.

## PROCEDURAL HISTORY

On July 16, 2012, Judge Sammartino granted OneWest's and FAS's motions to dismiss Plaintiff's original complaint, without prejudice, for failure to state a claim upon which relief could be granted. Specifically, Judge Sammartino concluded Plaintiff did not allege facts to indicate how OneWest and FAS qualified as "debt collectors" under the FDCPA, a threshold qualification for

liability thereunder. Having dismissed the sole federal claim, Judge Sammartino declined to exercise supplemental jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C § 1367(c)(3). Plaintiff thereafter filed a First Amended Complaint ("FAC"). (ECF No. 19.) FAS filed an answer and OneWest filed the instant motion to dismiss. (ECF Nos. 20, 21.)

## REQUESTS FOR JUDICIAL NOTICE

The Court does not rely on any facts contained in the parties' requests for judicial notice, (ECF Nos. 21-3, 23-4), and therefore **DENIES AS MOOT** those requests.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. Facts "'merely consistent

with' a defendant's liability" fall short of a plausible entitlement to relief. Id. (quoting Twombly, 550 U.S. at 557).

Further, the Court need not accept as true "legal conclusions" contained in the complaint. Id. This review requires context-specific analysis involving the Court's "judicial experience and common sense." Id. at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id.

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

## II.     Analysis

OneWest contends Plaintiff's FAC is devoid of any new factual allegations as to OneWest and, like the Original Complaint, fails to state any claims upon which relief can be granted. Plaintiff maintains he has sufficiently plead that: (1) OneWest is a "debt collector" under the FDCPA, (2) OneWest violated specific provisions of the FDCPA, (3) OneWest was negligent in its direction of FAS, and (4) OneWest is vicariously liable for the alleged tortious conversion by FAS. (ECF No. 23 at 4-24.)

### A.     FDCPA and Rosenthal Act Claims

This Court first turns to the sufficiency of Plaintiff's FDCPA claim and Plaintiff's Rosenthal Act claim, which mimics or incorporates by reference the FDCPA requirements. See Cal. Civ. Code. §1788.17. Plaintiff's allegations under both statutes are the same; therefore, this Court need not address these claims separately.

The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection

abuses." 15 U.S.C. §1692e.

To state a claim under the FDCPA, a "plaintiff must show . . . that the defendant is a debt collector within the meaning of 15 U.S.C. §1692a(6)" and that "the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a-1692o." Gutierrez v. Wells Fargo Bank, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009) (citing Creighton v. Emporia Credit Service, Inc., 981 F. Supp. 411, 414 (E.D. Va. 1997)). The threshold requirement to be held liable under the FDCPA is that the defendant falls within the Act's definition of "debt collector." Izenberg v. ETS Services, LLC, 589 F. Supp. 2d 1193, 1198 (C.D. Cal. 2008). A "debt collector" is defined as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed due another.

15 U.S.C. §1692a(6).

### 1. Debt Collector

Plaintiff asserts that OneWest attempted to indirectly collect a debt owed when it assigned Plaintiff's alleged debt to FAS "for collection and/or repossession." (ECF No. 19 at ¶28.) Plaintiff claims that because OneWest "regularly collects or attempts to collect" debts by direct, or indirect means, such as through FAS, OneWest is a "debt collector" as defined by the FDCPA. (ECF No. 23 at 5-6: 18-23, 1.) OneWest contends it is a federal savings bank whose principal business is not the collection of consumer debts for others. (ECF No. 24 at 8: 15-16.)

Courts interpret the FDCPA to apply to "debt collectors" as a class distinct from creditors. See Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) ("A 'creditor' is not a 'debt collector' under the FDCPA."). The FDCPA incurs liability only on "debt collectors" and, in very limited circumstances, creditors when acting as debt collectors under provisions of the Act. See 15 U.S.C. §1692a(6) ("The term 'debt collector' ...includes a creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debt.").

Plaintiff does not allege that OneWest tried to reclaim a debt due to another party, that its

principal business is debt collection, or that it attempted to directly collect the debt owed to it. Instead, Plaintiff suggests OneWest is a "debt collector" under the FDCPA because it regularly hires debt collectors. The statutory language of the Act does not support the theory that a lender who "regularly engages" with debt collection companies becomes a "debt collector" by virtue of that engagement. Accordingly, the Court concludes Plaintiff has failed to allege that One West qualifies as a "debt collector" under either the FDCPA or the Rosenthal Act.

### 2. Vicarious Liability

Plaintiff alternatively argues that OneWest is vicariously liable for FAS's alleged debt collection activities. Plaintiff relies on Fox v. Citicorp and Schutz v. Arrow Fin. Services, both of which support the theory that a debt collector may be held vicariously liable under the FDCPA for the companies or attorneys they hire. OneWest did not directly respond to this allegation.

In Schutz v. Arrow Fin. Services, LLC the court noted that "a company meeting the definition of a 'debt collector' may be held vicariously liable for the actions of a second company acting on its behalf." 465 F. Supp. 2d 872, 875-76 (N.D. Ill. 2006) (citing Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3rd Cir. 2000)). The court in Fox v. Citicorp Credit Services, Inc. found that Congress removed an "all-purpose attorney exemption" from the FDCPA, in part, to ensure debt collectors are not shielded from liability whenever violations are carried out by their attorneys. 15 F.3d 1507, 1516 (9th Cir. 1994). Thus, for vicarious liability to apply, the vicariously liable party must itself be a "debt collector" as defined by the Act.

Indeed, courts have uniformly ruled against a theory for vicarious liability under the FDCPA when the underlying client is not a debt collector. See, e.g., Wadlington v. Credit Acceptance Corpr., 76 F.3d 103 (6th Cir. 1996) (finding that the liability for a debt collector should not be vicariously imposed on the assignee who was not a debt collector under the FDCPA); Havens-Tobias v. Eagle, 127 F. Supp. 2d 889, 898 (S.D. Ohio 2001) (finding no legal basis for liability under the FDCPA for anyone other than a "debt collector" within the meaning of the Act); Oei v. N. Star Capital Acquisitions, 486 F. Supp. 2d 1089, 1097 (C.D. Cal. 2006) ("Vicarious liability under the [FDCPA] has similarly been restricted to principals who themselves are statutory 'debt collectors.'").

As discussed above, Plaintiff has failed to allege facts sufficient to demonstrate OneWest qualifies as "debt collector" under the FDCPA. One West, therefore, cannot be vicariously liable for the acts of FAS.

In sum, Plaintiff's FDCPA and Rosenthal Act claims rest on the theory that OneWest is either a debt collector by definition or vicariously liable for the actions of a debt collector. Because Plaintiff has failed to allege facts to support either theory of "debt collector" liability, Plaintiff's FDCPA and Rosenthal Act claims fail as a matter of law.

**B.     Conversion Claim**

Plaintiff alleges OneWest is liable for the tort of conversion, allegedly committed by FAS, under a theory of vicarious liability. Plaintiff alleges FAS converted Plaintiff's real property by "denying Plaintiff entry into his home" after changing the locks and taking possession. (ECF No. 19 at ¶¶ 43, 45-46.) Plaintiff also alleges FAS converted his personal property, including a television, television wall mount, sound system, and cabinet by removing them from his home. (ECF No. 19 at ¶ 48.) Plaintiff states that he had sole right to use and possess said personal and real property (ECF No. 19 at ¶ 46.) Plaintiff alleges these actions caused (and were intended to cause) Plaintiff severe emotional distress, as well as general harm to the property. (ECF No. 19 at ¶¶ 40, 61.) OneWest contends the Plaintiff has failed to allege the requisite elements of conversion as to OneWest. (ECF No. 24 at 12: 1-3.) Specifically, OneWest is not alleged to have taken anything, and FAS is only alleged to have removed items of personal property without a showing property was taken for personal use. (ECF No. 24 at 12: 27-28.)

Under California law, "conversion is the wrongful exercise of dominion over another's personal property in denial of or inconsistent with the rights in the property." In re Emery, 317 F.3d 1064, 1069 (9th Cir. 2003). To adequately plead a claim of conversion the plaintiff must show: (1) a present right to possess the property, (2) the defendant's conversion by a wrongful act or disposition of property, and (3) damages. Hernandez v. Lopez 180 Cal. App. 4th 932, 939-40 (2009); See also, Franklin v. Mun. Court, 26 Cal. App. 3d 884, 901-02 (1972). Plaintiff can show the defendant assumed control over the property either by preventing the plaintiff from taking possession, or by

showing the defendant applied the property to his own use. See Messerall v. Fulwider, 199 Cal. App. 3d 1324, 1329 (1988). The act of moving property from one place to another "without an assertion of ownership or preventing the owner from exercising all rights of ownership" is not enough to constitute conversion. Itano v. Colonial Yacht Anchorage, 267 Cal. App. 2d 84, 89 (1968). The tort of conversion applies to personal, not real property. 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 699; see also Richards v. Bank of America, N.A., 2010 WL 3222151, at *4 (N.D. Cal. Aug. 13, 2010) ("[I]ntangible interests in real property . . . remain unprotected by conversion."); Munger v. Moore, 11 Cal. App. 3d 1, 7 (1970) (finding the tort of conversion inapplicable to real property).

First, because the tort of conversion does not apply to real property, Plaintiff's claim that FAS converted his real property fails as a matter of law. Second, while Plaintiff need not show FAS intended to convert his personal property for personal use if he shows FAS has prevented him from taking possession, it is not evident on the face of the FAC that the actions of FAS amounted to conversion. Additional facts are needed regarding whether FAS prevented Plaintiff from reclaiming his personal property. Accordingly, the Court concludes Plaintiff has failed to state a claim for conversion against One West.

**C.    Negligence Claim**

Plaintiff alleges OneWest was negligent when FAS "at the direction of [OneWest], went to the home of Plaintiff when Plaintiff was not present" and broke into his home. (ECF No. 19 at ¶ 39; ECF No. 23 at 23: 9-13.) OneWest contends Plaintiff "merely makes bald conclusory statements" and "has not pled a single fact that demonstrates OneWest was negligent." (ECF No. 24 at 13: 13-17.)

To establish a claim for negligence, a plaintiff must prove that: (1) there existed a duty of care on the part of the defendant, (2) defendant breached that duty, (3) defendant's breach caused plaintiff's injury, and (4) plaintiff sustained actual damages. Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 822 (9th Cir. 2011). The threshold question is whether there exists a duty of care owed by the defendant to the plaintiff, and is ultimately a question of law for the court. Artiglio v. Corning Inc., 18 Cal. 4th 604, 614 (1998).

Plaintiff fails to allege what duty of care was at issue and how One West breached it – leaving

One West to speculate as to how the alleged negligence arose.  Accordingly, the Court concludes Plaintiff has failed to state a claim for negligence against One West.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff's FDCPA and Rosenthal Act claims are **DISMISSED WITH PREJUDICE** as to One West;

2. Plaintiff's conversion and negligence claims are **DISMISSED WITHOUT PREJUDICE** as to One West; and

3. Per Plaintiff's request for leave to amend, Plaintiff shall have **twenty-one days** from the date of this Order to file a second amended complaint.

DATED: January 9, 2013

HON. GONZALO P. CURIEL
United States District Judge