UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MIRANDA,<br><br>　　　　　Plaintiff,<br>v.<br>FIELD ASSET SERVICES and INDYMAC MORTGAGE SERVICES a/k/a IndyMac Federal Bank, FSB,<br><br>　　　　　Defendants. | Case No. 3:11-cv-1514-GPC-JMA<br><br>**ORDER GRANTING DEFENDANT ONEWEST BANK'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND**<br><br>**(ECF NO. 29)** |

## INTRODUCTION

Presently before the Court is a motion to dismiss filed by Defendant OneWest Bank, erroneously sued as IndyMac Mortgage Services ("OneWest"). (ECF No. 29.) Plaintiff opposed the motion, (ECF No. 32), and OneWest replied, (ECF No. 33). The Court finds the OneWest's Motion to Dismiss suitable for disposition without oral argument. See CivLR 7.1.d.1. For the reasons below, the Court **GRANTS** OneWest's Motion to Dismiss **WITHOUT LEAVE TO AMEND**.

## PROCEDURAL BACKGROUND

On July 16, 2012, Plaintiff's initial complaint was dismissed with leave to amend. (ECF No. 18.) Plaintiff thereafter filed a First Amended Complaint ("FAC").

(ECF No. 19.) Plaintiff's FAC asserted four claims for (1) violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; (2) violations of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.32; (3) conversion; and (4) negligence.

On January 9, 2013, the Court granted OneWest's Motion to Dismiss Plaintiff's FDCPA and Rosenthal Act Claims as to OneWest without leave to amend and Plaintiff's conversion and negligence claims as to OneWest with leave to amend. (ECF No. 27.) On January 30, 2013, Plaintiff filed a Second Amended Complaint ("SAC"), asserting against OneWest only a claim for negligence. (ECF No. 28.)

## SECOND AMENDED COMPLAINT[1]

On some date prior to August 18, 2010, Plaintiff obtained a loan from OneWest to purchase real property located at 864 Compass Way, San Diego, California ("the Property"). Plaintiff thereafter defaulted on the loan and then entered into an agreement with OneWest to sell the Property to a third party in a "short sale" rather than enter foreclosure proceedings. Plaintiff asserts he listed the Property for sale in an attempt to mitigate any losses to OneWest because of his default and inability to continue making payments. A potential buyer apparently expressed interest in the Property, offering to purchase it from OneWest. At some point during this period, OneWest "assigned, placed, or otherwise transferred" the loan to defendant Field Asset Services ("FAS"), hiring FAS for the purpose of collecting on the payments owing and/or repossessing the Property.

Plaintiff alleges FAS advertises its services for the sole purpose of collecting defaulted debts, has engaged in debt collection activities for over twelve years, and deals regularly with twenty-six major mortgage companies to assist in the collection of debts. FAS's services include "locking out delinquent debtors from property being collected upon" as well as providing assistance to other debt collectors like "collection

---

[1] Unless otherwise noted, all factual allegations in this section are taken from Plaintiff's SAC. (ECF No. 28.)

lawyers" to "manage the legal process" of collecting debts.

On or about August 18, 2010, "Defendant FAS, at the direction of Defendant [OneWest]," went to the Property while Plaintiff was not present and "physically broke into Plaintiff's home," and changed the locks, without any "present legal right" of possession. During that same visit, FAS or an agent of FAS removed certain items from the Property, including a flat screen television, a Panasonic surround sound system, a television wall mount, and an entertainment system cabinet.

As a result, Plaintiff was denied entry into his "home and place of abode," was prevented from having access to or enjoying the use of his personal property, and suffered "actual damages including, but not limited to, stress and humiliation, specifically because Plaintiff is a law enforcement office[r]."

## REQUEST FOR JUDICIAL NOTICE

In support of its argument, and pursuant to Federal Rule of Evidence 201, OneWest has requested that the Court take judicial notice of facts contained in four documents: (1) A Deed of Trust dated June 9, 2005, recorded on June 30, 2005, and listing Plaintiff as borrower, DHI Mortgage Company, LTD., LP. as lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, and First American Title as trustee; (2) A Notice of Default and Election to Sell Under Deed of Trust dated March 29, 2010, stating $12,374 as the amount owed on that date, indicating Plaintiff should contact OneWest for more information, listing NDEx West as trustee and MERS as beneficiary, and recorded March 30, 2010; (3) Notice of Trustee's Sale recorded July 1, 2010, indicating Plaintiff's default under the Deed of Trust executed June 9, 2005, and informing Plaintiff that the Property would be sold at public auction by Trustee NDEx West on July 22, 2010, at 10:00 A.M. at a specified location; and (4) A Grant Deed dated August 13, 2010, and recorded on August 25, 2010, in which Plaintiff granted ownership of the Property in fee simple to William L. Mercado and Stevie Kaufman. (ECF No. 29-2.)

These documents are already part of the record, as the Court took judicial notice

of these same documents as part of the Court's Order Granting Defendants' Motion to Dismiss the Plaintiff's first complaint. (ECF No. 18.)

Plaintiff filed an Objection to OneWest's Request for Judicial Notice, arguing that the documents are irrelevant to the issues presently before the court. (ECF No. 32-1.) These documents, however, concern Plaintiff's legal relationship to the Property, an issue that has been addressed by both parties and is relevant to the question of whether Plaintiff, as OneWest contends in its Motion to Dismiss, is improperly seeking purely economic damages.[2]

Furthermore, as matters of public record, the documents submitted by OneWest are properly subject to judicial notice under Federal Rule of Evidence 201. See Fimbres v. Chapel Mortgage Corp., 2009 WL 4163332, at *3 (S.D. Cal. Nov. 20, 2009) (taking judicial notice of a deed of trust, notice of default, notice of trustee's sale, assignment of deed of trust, and substitution of trustee, as each was a public record); Heuslein v. Chase Bank U.S.A., N.A., 2009 WL 3157484, at *3 (S.D. Cal. Sept. 24, 2009) (taking judicial notice of a deed of trust, notice of default and election to sell under deed of trust, and notice of trustee's sale that had been recorded in the San Diego County Recorder's Office).

Thus, the Court will consider the facts contained in the four public documents attached as exhibits in support of OneWest's Motion to Dismiss.

## DISCUSSION

I. **Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil

---

[2] Plaintiff himself puts his legal relationship to the Property at issue in his Opposition to OneWest's Motion to Dismiss; in his Opposition, Plaintiff argues that his claim is not barred, in part because he is seeking to recover damages for the loss of use of his "home." (ECF No. 32.)

Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570); see also Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." Id. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. Id. (quoting Twombly, 550 U.S. at 557).

Further, the Court need not accept as true "legal conclusions" contained in the complaint. Id. This review requires context-specific analysis involving the Court's "judicial experience and common sense." Id. at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id.

**II. Analysis**

A defendant is liable for the tort of negligence where (1) the defendant has a legal duty to use reasonable care, (2) the defendant breached that duty, and (3) the

defendant's breach was a proximate cause of (4) the plaintiff's injury. Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998).

OneWest argues Plaintiff's negligence claim should be dismissed as to OneWest because: (1) Plaintiff failed to allege adequate damages; (2) Plaintiff failed to allege OneWest breached a duty of care owed to Plaintiff; and (3) Plaintiff failed to allege OneWest's actions constituted a proximate cause of Plaintiff's injuries.

### A.   Damages

OneWest argues Plaintiff's negligence claim is barred by California's economic loss rule, which, according to OneWest, provides that "plaintiffs may seek remedies for strict liability and negligence only for physical injury to person or property, and not for pure economic losses."

Plaintiff asserts in response that he "has asked for special, general, compensatory and punitive damages," arguing his claim is not barred by the economic loss rule because his alleged damages are not purely economic in nature. Plaintiff claims he "lost the use of his home, and his personal property due to the Defendant's negligent hiring of [FAS]." (ECF No. 32.)

In reply, OneWest argues that, ultimately, Plaintiff "can only claim economic damages for his lost personal property, and therefore his negligence claim is barred by law." (ECF No. 33.) More specifically, OneWest asserts: (1) Plaintiff "has not alleged any physical injury that would justify recovery for emotional distress," (2) Plaintiff may not recover for damage to the Property because Plaintiff "sold the house in a short sale and it now belongs to someone else," and (3) Plaintiff may not recover punitive damages because Plaintiff's SAC lacks sufficient allegations related to malice, oppression, or fraud.

#### 1.   Economic Loss Rule

As a preliminary matter, the Court concludes Plaintiff's negligence claim is not barred by the economic loss rule.

In Robinson Helicopter Company, Inc. v. Dana Corporation, the Supreme Court

of California explained that it "first developed and applied the economic loss rule in the context of product liability claims," and that "[t]he function of the economic loss rule is to prevent tort law from shifting back to sellers a specific risk that better rests with buyers–the risk that a product will not perform to a particular level beyond that warranted by the seller." 34 Cal. 4th 979, 997 (2004).

This case does not involve a defective product or the relationship between buyer and seller. Instead, Plaintiff alleges OneWest was negligent in hiring FAS as a debt collector. Therefore, the economic loss rule does not bar Plaintiff's negligence claim. See N. Am. Chem. Co v. Super. Ct., 59 Cal. App. 4th 764, 780 (1997) (holding that the economic loss rule does not apply to negligence claims involving the performance of services because the policy concerns underlying the economic loss rule are not present in such situations).

## 2. Emotional Distress Damages

In California, although damages for emotional distress may be recovered in the absence of either physical injury or impact, Molien v. Kaiser Found. Hospitals, 27 Cal. 3d 916, 930 (1980), the extent to which defendants may be liable for negligent infliction of emotional distress without physical injury has been limited due to public policy considerations. Bro v. Glaser, 22 Cal. App. 4th 1398, 1440-41(1994).

The Supreme Court of California has repeatedly stressed that "negligent infliction of emotional distress" is not an independent tort doctrine. See, e.g, Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993) ("there is no independent tort of negligent infliction of emotional distress"); Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992) ("We have repeatedly recognized that the *negligent* causing of emotional distress is not an independent tort, but the tort of *negligence.*" (emphasis in original) (internal quotations omitted)).

As a result, recovery for emotional distress in negligence cases is not available "unless malice, breach of a fiduciary duty, physical injury or impact, or some other unusually extreme or outrageous circumstance, can be shown." Branch v. Homefed

Bank, 6 Cal. App. 4th 793, 801 (1992).

Here, Plaintiff has not adequately alleged that he is entitled recover damages for emotional distress pursuant to his claim for negligence against OneWest. Although Plaintiff cites the Restatement (Second) of Torts for the proposition that physical impairment of land or chattels may be classified as a "physical harm," damage to property alone is insufficient to support a recovery of emotional distress damages in a negligence cause of action. Ragland v. U.S. Bank Nat. Assn., 209 Cal. App. 4th 182, 206 (2012) (holding that plaintiff asserting a negligence claim against lender could not recover damages for emotional distress because defendants' conduct resulted only in injury to property).

Furthermore, although there was a pre-existing relationship between Plaintiff and OneWest, Plaintiff does not allege it was the type of fiduciary relationship that would permit Plaintiff to recover damages for emotional distress. See id. (holding that the relationship between plaintiff borrower and defendant lender did not support recovery of emotional distress damages because "[n]o fiduciary duty exists between a borrower and lender in an arm's length transaction").

Plaintiff has also failed to allege the type of malicious or outrageous conduct that would support recovery of emotional distress damages. In his SAC, Plaintiff alleges "[OneWest]'s conduct involved circumstances of aggravation and outrage with fraudulent and evil motive on the part of [OneWest], with such a conscious and deliberate disregard of the interests of Plaintiff that [OneWest]'s conduct may be called willful and wanton." (ECF No. 28.) These conclusory allegations, however, are not supported by the type of factual allegations necessary to support recovery of damages for emotional distress.

Plaintiff's claim is that OneWest was negligent in "hiring an overzealous debt collector with a questionable reputation and directing said debt collector in a manner that violated federal and state law." (Id.) The ability to recover emotional distress damages requires a level of malicious and/or outrageous conduct not adequately

alleged in Plaintiff's SAC. Cf. Molien, 27 Cal. 3d at 930 (holding that plaintiff may recover damages for negligent infliction of emotional distress, absent physical injury, where defendants erroneously diagnosed plaintiff's wife with syphilis during a routine examination, resulting in extreme emotional distress and a dissolution of the plaintiff's marriage); Branch, 6 Cal. App. 4th at 800-01 (holding that plaintiff may not recover damages for emotional distress, where plaintiff was induced to leave his former employer and accept a job with defendant bank based on false representations, and then was mistreated and harassed after approaching upper management in an attempt to resolve the dispute, because "while blameworthy, the bank's conduct in no sense can be described as 'extreme' or 'outrageous,' in terms of the conduct resulting in special damage."); Yu v. Signet Bank/Virginia, 69 Cal. App. 4th 1377, 1397 (1999) (holding that plaintiff credit card holders may not recover for emotional distress resulting from defendant's 'long-arm' debt collection program designed to achieve default judgments against certain creditors).

Because Plaintiff has not sufficiently alleged physical injury, breach of a fiduciary duty, malice, or extreme and outrageous conduct, Plaintiff may not recover damages for emotional distress pursuant to his negligence claim against OneWest.

### 3. Damages to Real Property

Plaintiff alleges he is entitled to recover for "damages to his home." (ECF No. 32.) OneWest argues Plaintiff cannot recover for damages to the Property because Plaintiff "sold the house in a short sale and it now belongs to someone else." (ECF No. 33.) For the reasons stated below, the Court finds Plaintiff may not recover for damages to the Property.

Plaintiff alleges that, "at the time FAS intentionally took possession of Plaintiff's personal and real property . . . Plaintiff had the sole right to use and possess Plaintiff's personal and real property." (ECF No. 28.) This allegation, however, is contradicted by the Grant Deed dated August 13, 2010, which indicates that Plaintiff granted ownership of the Property in fee simple to William L. Mercado and Stevie Kaufman

five days before the incident at issue occurred. Although the court will generally accept as true all factual allegations contained in the complaint for the purposes of a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Because the Grant Deed demonstrates that Plaintiff had relinquished his interest in the Property by the time of the incident on August 18, 2010, Plaintiff may not recover based on the alleged damages to the Property.

### 4. Damages to Personal Property

Plaintiff alleges FAS took possession of a television, television wall mount, a sound system, and an entertainment system cabinet. While Plaintiff alleges FAS had no right to do this and that, in fact, FAS's conduct was criminal, Plaintiff does not allege what ultimately happened to his personal property. In his opposition to OneWest's Motion to Dismiss, Plaintiff asserts only that he "lost the use of . . . his personal property due to [OneWest]'s negligent hiring of [FAS]." (ECF No. 32 at 15.)

The Court finds Plaintiff's allegations regarding the lost use of his personal property to be insufficient. Plaintiff does not, for example, allege his personal property was never returned to him or that it was returned in a damaged condition. Neither does Plaintiff allege how long he was deprived of the use of his personal property or what the consequences of that deprivation, if any, were. Without more, Plaintiff's allegations do not plausibly establish that he was more than nominally damaged by any lost use of his personal property. See Duarte v. Zachariah, 22 Cal. App. 4th 1652, 1661-62 (1994) ("'[A]ctual damage' in the sense of 'harm' is necessary to a cause of action in negligence; nominal damages are not awarded.").

Moreover, the Court notes that it pointed to this deficiency in Plaintiff's FAC with regard to Plaintiff's claim that OneWest was liable for the conversion of Plaintiff's personal property. (ECF No. 27.) There, the Court found that "[a]dditional facts [were] needed regarding whether FAS prevented Plaintiff from reclaiming his

personal property." Instead of providing those additional facts, Plaintiff chose not to reassert his conversion claim against OneWest.

### 5. Punitive Damages

Plaintiff's SAC lacks sufficient factual allegations to support an award of punitive damages against OneWest. Plaintiff alleges "[OneWest]'s conduct involved circumstances of aggravation and outrage with fraudulent and evil motive on the part of [OneWest], with such a conscious and deliberate disregard of the interests of Plaintiff that [OneWest]'s conduct may be called willful and wanton." (ECF No. 28.) Such conclusory allegations of "fraudulent" conduct and "evil motive," however, are insufficient to support the recovery of punitive damages. Brousseau v. Jarrett, 73 Cal. App. 3d 864, 972 (1977) (holding that the "conclusory characterization of defendant's conduct as intentional, willful and fraudulent" was "patently insufficient" to support the recovery of punitive damages). Thus, Plaintiff has not adequately alleged he is entitled to recover punitive damages.

In sum, Plaintiff has failed to adequately allege he was damaged by OneWest's allegedly negligent hiring of FAS. Therefore, the Court need not address OneWest's remaining arguments to conclude that Plaintiff's negligence claim against OneWest should be dismissed.

### B. Leave to Amend

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992) (quoting Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. See Desoto, 957 F.2d at 658; Schreiber, 806 F.2d at 1401.

Here, the Court notes that Plaintiff has now had three opportunities to state a claim against OneWest and that Plaintiff has been unsuccessful each time. Further, the

damages Plaintiff alleges he suffered because of OneWest's negligent conduct have, as set forth above, been whittled down to damages arising from the lost use of Plaintiff's personal property. As noted above, the Court offered Plaintiff the opportunity to elaborate on the lost use of his personal property in its order dismissing Plaintiff's FAC. Plaintiff, however, failed to do so. Accordingly, the Court finds it would be futile to grant Plaintiff a fourth chance to assert a claim against OneWest.

## CONCLUSION

After considering the parties' submissions, the record, and the applicable law, and for the foregoing reasons **IT IS HEREBY ORDERED** that OneWest's Motion to Dismiss, (ECF No. 29), is **GRANTED WITHOUT LEAVE TO AMEND**. The hearing on OneWest's Motion, currently set for June 28, 2013, is hereby **VACATED**.

DATED: June 27, 2013

HON. GONZALO P. CURIEL
United States District Judge